IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATIONAL AIR TRAFFIC
CONTROLLERS ASSOCIATION, et
al.,

    Plaintiffs,

      v.

DENTAL PLANS, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:05-CV-882-TWT

OPINION AND ORDER

This is an ERISA action.  It is before the Court on the Motion for Judgment on

the Pleadings [Doc. 29] of Defendants AAO Services, Inc.; American Association of

Orthodontists; and Drs. Ashur Chavoor, Richard Levy, Nahid Meliki, E. Van Greer,

Robert J. Bray, Leo C. Sinna, Stephen W. Bradford, Thomas Morgenstern, Norman

Nagel, Morris Poole, and Gary Wiser, as representatives of all members of the

American Association of Orthodontists.  For the reasons set forth below, the motion

is DENIED.

I.  BACKGROUND

Plaintiff National Air Traffic Controllers Association ("NATCA") is an

unincorporated labor organization that represents more than 15,000 air traffic

controllers, engineers, and other safety-related professionals throughout the United States.  Plaintiffs Matthew Murawski, Mark Berger, Roger Mathieu, and Thomas Hays (collectively referred to as the "Individual Plaintiffs") are members of NATCA.  In addition, the Individual Plaintiffs are members of a potential class of participants of the NATCA/Dental Plans, Inc. Direct Reimbursement Dental Plan (the "Plan"), an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and an employee benefit plan within the meaning of 29 U.S.C. § 1002(3).  (Compl. ¶ 12.)  This action arises out of the Plan's failure to pay benefits for dental services incurred by participants and their dependents.

In late 2000 or early 2001, Defendants Dental Plans, Inc. ("DPI")[1] and the American Association of Orthodontists ("AAO")[2] approached NATCA about establishing a dental expense reimbursement plan.  Under the proposed plan, covered persons would receive treatment from the dentist of their choice and submit the itemized bills to a third-party administrator for payment.  As an additional incentive,

---

[1]Deborah Nation Davenport and Michael L. Davenport, the chief executive officer and vice president of DPI respectively, are also named as Defendants.  Along with DPI, they will be collectively referred to as the "DPI Defendants."

[2]As representatives of AAO and its members, various officers, directors, and board members of AAO or its affiliates are also named Defendants.  These Defendants, along with AAO and AAO Services, Inc. ("AAOS"), a corporation owned and operated by AAO, will be collectively referred to as the "AAO Defendants."

the plan would cover orthodontic services, expensive benefits that are often excluded from dental insurance programs.  Participation in the plan would be limited to NATCA members who voluntarily enrolled.  No insurance company involvement would be necessary.  Instead, the plan would be self-funded through voluntary payroll deductions of the participating members.  The payroll amounts deducted would be based on estimations made by the AAO Defendants regarding the costs necessary to cover dental benefits under the plan as well as administrative expenses.  As a result of the Defendants' proposal, the NATCA/Dental Plans, Inc. Direct Reimbursement Dental Plan was established and endorsed by NATCA in 2001.  With the consent of NATCA, the AAO and DPI Defendants publicized the Plan to the NATCA members.  Approximately 5% to 7% of NATCA members enrolled in the Plan and made bi-weekly payroll contributions at the rates calculated by the AAO Defendants.

On March 13, 2001, an Administrative Services Agreement (the "Agreement") was entered into by DPI and AAOS.  The Agreement sets forth the respective rights and obligations of the various parties regarding the administration of the Plan. Michael Davenport, vice president of DPI, executed the Agreement on behalf of the "Employer," identified as "NATCA/DENTAL PLANS, INC."  (Zietz Decl., Ex. A.) The Agreement provides that the Employer is the Plan's fiduciary under ERISA and is responsible for furnishing all funds necessary to pay benefits under the Plan.  (Id.)

At all relevant times, the DPI Defendants have controlled the Plan's assets. However, according to the Plaintiffs, the Plan has experienced financial problems from its inception. Specifically, they allege that the dental expenses incurred by Plan participants have greatly exceeded the contributions made through payroll deductions. Consequently, the Plan has been unable to pay approximately $500,000.00 in claims.

On January 9, 2004, the Plaintiffs filed suit seeking to recover dental benefits due under the Plan.[3] They allege that the DPI Defendants breached their fiduciary duties in violation of ERISA. The Plaintiffs also allege that the AAO Defendants are liable for breach of contract and negligence in connection with the design and implementation of the Plan. The AAO Defendants move for judgment on the pleadings on the breach of contract and negligence claims, arguing that these state law claims are preempted by ERISA.

## II. JUDGMENT ON PLEADINGS STANDARD

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. Fed. R. Civ. P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47 (1957); Linder v. Portocarrero, 963 F.2d 332 (11th Cir. 1992). In ruling on a motion to dismiss, the

---

[3]The Plaintiffs originally filed suit in the District Court for the District of Columbia. On March 14, 2005, the action was transferred to this Court pursuant to 28 U.S.C. § 1404(a).

court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). This standard also applies to a motion under Rule 12(c) for judgment on the pleadings. See, e.g., M.H.D. v. Westminster Schools, 172 F.3d 797, 802 n.12 (11th Cir. 1999) ("If the court concludes that the . . . statute provides no relief . . . then it properly dismisses that cause of action for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or 12(c)."); Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405 (4th Cir. 2002).

### III.  DISCUSSION

According to the Plaintiffs, the AAO Defendants represented to NATCA that, based upon their expertise and experience, they were able to predict accurately the cost of providing dental benefits and could, therefore, design a financially sound plan. The Plaintiffs contend, however, that the covered dental expenses incurred greatly exceeded the Plan's income from participant contributions at the rates calculated by the  AAO  Defendants.    As  a  result  of  this  contributions-to-expenses-incurred discrepancy, the Plaintiffs claim that the AAO Defendants breached their contract with NATCA, to which the Plaintiffs were third-party beneficiaries, by "designing a financially unsound dental expense reimbursement program." (Compl. ¶¶ 75-77.)  In

the alternative, the Plaintiffs assert a negligence claim, alleging that the AAO Defendants had a duty to exercise reasonable care in determining the cost of providing dental benefits under the Plan and that, by using unsound actuarial principles in making their calculations, the AAO Defendants breached that duty. (Id. ¶¶ 80-83.)  The Plaintiffs also assert an alternative derivative claim, on behalf of the Plan, for breach of contract and negligence.  (Id. ¶¶ 85-88.)  The AAO Defendants contend that, by virtue of the relationship between the Plaintiffs' claims and the ERISA plan, these state law claims are preempted by federal law.

The Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, sets forth a comprehensive federal scheme for the regulation of employee benefit plans.  The purpose of ERISA is to "promote the interests of employees and their beneficiaries in employee benefit plans."  Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 90 (1983).  The policies underlying ERISA would be undermined if plan participants or beneficiaries were free to bypass the ERISA system and obtain remedies under state law that were rejected by Congress in ERISA.  Sanson v. General Motors Corp., 966 F.2d 618, 622 (11th Cir. 1992).  Therefore, ERISA § 514(a) includes a broad preemption provision which provides that ERISA "shall supersede any and all state laws insofar as they . . . relate to any employee benefit plan[.]"  29 U.S.C. § 1144(a).  The Supreme Court has determined that the "key" to § 514(a) is the

phrase "relate to." Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138 (1990). Although the statute does not define the phrase, the Supreme Court, consistent with the expansive intent of ERISA preemption, has construed the phrase to include any state law that "has a connection with or reference to" an employee benefit plan. New York Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 656 (1995) (quoting Shaw, 463 U.S. at 96-97). The Supreme Court has also observed that to construe the phrase literally could, for all practical purposes, eliminate Congress's words of limitation and allow for infinite preemption. Id. at 655. However, ERISA preemption is not limitless. Rather, "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." Shaw, 463 U.S. at 100 n.21. Accordingly, in determining whether preemption applies, the court must "look . . . to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive [preemption]." Travelers Ins. Co., 514 U.S. at 656.

The AAO Defendants argue that the breach of contract and negligence claims "relate to" an ERISA plan because the causes of action are premised on the existence of the Plan. In other words, they argue that a determination as to whether the AAO Defendants designed a financially sound plan cannot be made without consideration of what the Plan ultimately provided. The Plaintiffs contend that the state law claims

are simply "garden-variety professional malpractice claims" asserted against a non-fiduciary service provider and, thus, are not preempted by ERISA.  (Pls.' Mem. in Opp'n to AAO Defs.' Mot. for J. on the Pleadings, at 1-2.)  The Plaintiffs' assertion that ERISA preemption is foreclosed merely because the defendant is not an ERISA fiduciary is too simplistic.  Rather, keeping in the mind the objectives of ERISA, the Eleventh Circuit Court of Appeals has held that "when a state law claim brought against a non-ERISA entity *does not affect relations among principal ERISA entities as such*, then it is not preempted by ERISA."  Morstein v. National Ins. Servs., Inc., 93 F.3d 715, 722 (11th Cir. 1996) (en banc), cert. denied, 519 U.S. 1092 (1997) (emphasis added).  The principal ERISA entities are the employer, the plan, the plan fiduciaries, and the beneficiaries under the plan.  Id.  Instead of relying solely on the defendant's status as a non-ERISA entity, the proper focus of the preemption inquiry is the relationship between the alleged conduct and the refusal to pay benefits.  Garren v. John Hancock Mut. Life Ins. Co., 114 F.3d 186, 188 (11th Cir. 1997).  The Eleventh Circuit's limitation on ERISA preemption is consistent with the decisions of other circuits that have held that Congress did not intend to preempt state laws of general applicability that do not affect the relations among traditional ERISA entities. See Gerosa v. Savasta & Co., Inc., 329 F.3d 317, 324 (2d Cir. 2003), cert. denied, 124 S. Ct. 435 (2003); Arizona State Carpenters Pension Trust Fund v. Citibank,

(Ariz.), 125 F.3d 715, 724 (9th Cir. 1997); In Home Health, Inc. v. Prudential Ins. Co. of Am., 101 F.3d 600, 605 (8th Cir. 1996); Coyne & Delany Co. v. Selman, 98 F.3d 1457, 1469 (4th Cir. 1996); Airparts Co., Inc. v. Custom Benefit Servs. of Austin, 28 F.3d 1062, 1065 (10th Cir. 1994); Perkins v. Time Ins. Co., 898 F.2d 470, 473 (5th Cir. 1990).

It is undisputed that the AAO Defendants are not ERISA entities.  (See Administrative Services Agreement, Article VII, Section A ("It is understood and agreed that [AAOS] is not, and shall not be deemed to be, a fiduciary under Employer's dental plan or under this Agreement.")).  Therefore, in order for the claims to be preempted, the AAO Defendants' conduct in calculating the costs associated with funding the Plan must have directly affected the relationship among the traditional ERISA entities and interfered with the payment of benefits.  See Garren, 114 F.3d at 188.  The Court cannot determine as a matter of law at the pleading stage whether the conduct of the AAO Defendants affected the relationship among the ERISA entities. Nor can the Court find that there are no facts that could support the Plaintiffs' claims for relief.  The issue of ERISA preemption may be revisited at the summary judgment stage.  For now, the AAO Defendants' motion is denied.

IV.  CONCLUSION

For the reasons set forth above, the Motion for Judgment on the Pleadings [Doc. 29] of   Defendants AAO Services, Inc.; American Association of Orthodontists; and Drs. Ashur Chavoor, Richard Levy, Nahid Meliki, E. Van Greer, Robert J. Bray, Leo C. Sinna, Stephen W. Bradford, Thomas Morgenstern, Norman Nagel, Morris Poole, and Gary Wiser, as Representatives of all Members of the American Association of Orthodontists is DENIED.

SO ORDERED, this 9 day of November, 2005.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge