IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATIONAL AIR TRAFFIC
CONTROLLERS ASSOCIATION, et
al.,

    Plaintiffs,

      v.

DENTAL PLANS, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:05-CV-882-TWT

OPINION AND ORDER

This is an ERISA action. It is before the Court on the Motion for Class Certification and Appointment of Counsel [Doc. 15] of Plaintiffs Matthew Murawski, Mark Berger, Roger Mathieu, and Thomas Hays. For the reasons set forth below, the Court DENIES the motion.

I. BACKGROUND

Plaintiff National Air Traffic Controllers Association ("NATCA") is an unincorporated labor organization that represents more than 15,000 air traffic controllers, engineers, and other safety-related professionals throughout the United States. Plaintiffs Matthew Murawski, Mark Berger, Roger Mathieu, and Thomas Hays (collectively referred to as the "Individual Plaintiffs") are members of NATCA.

In addition, the Individual Plaintiffs are members of the NATCA/Dental Plans, Inc. Direct Reimbursement Dental Plan (the "Plan"), an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and an employee benefit plan within the meaning of 29 U.S.C. § 1002(3). This action arises out of the Plan's failure to pay benefits for dental services covered by the Plan and incurred by the participants and their dependents.

In late 2000 or early 2001, Defendants Dental Plans, Inc. ("DPI")[1] and the American Association of Orthodontists ("AAO")[2] approached NATCA about establishing a dental expense reimbursement plan. Under the proposed plan, covered persons would receive treatment from the dentist of their choice and submit the itemized bills to a third-party administrator for payment. Additionally, the plan would cover orthodontic services, expensive benefits that are often excluded from dental insurance programs. Participation in the plan would be limited to NATCA members who voluntarily enrolled. No insurance company involvement would be necessary.

---

[1] Deborah Nation Davenport and Michael L. Davenport, the chief executive officer and vice president of DPI respectively, are also named as Defendants. Along with DPI, they will be collectively referred to as the "DPI Defendants."

[2] As representatives of AAO and its members, various officers, directors, and board members of AAO or its affiliates are also named as Defendants. These Defendants, along with AAO and AAO Services, Inc. ("AAOS"), a corporation owned and operated by AAO, will be collectively referred to as the "AAO Defendants."

Instead, the plan would be self-funded through voluntary payroll deductions of the participating members. The payroll amounts deducted would be based on estimates made by the AAO Defendants regarding the costs necessary to cover dental benefits under the plan as well as administrative expenses. As a result of the Defendants' proposal, the NATCA/Dental Plans, Inc. Direct Reimbursement Dental Plan (the "Plan") was established and endorsed by NATCA in 2001. With the consent of NATCA, the AAO and DPI Defendants publicized the Plan to the NATCA members. Approximately 5% to 7% of NATCA members enrolled in the Plan and made bi-weekly payroll contributions at the rates calculated by the AAO Defendants.

On March 13, 2001, an Administrative Services Agreement (the "Agreement") was entered into by DPI and AAOS. The Agreement sets forth the respective rights and obligations of the various parties regarding the administration of the Plan. Michael Davenport, vice president of DPI, executed the Agreement on behalf of the "Employer," identified as "NATCA/DENTAL PLANS, INC." (Zietz Decl., Ex. A.) The Agreement provides that the Employer is the Plan's fiduciary under ERISA and is responsible for furnishing all funds necessary to pay benefits under the Plan. At all relevant times, the DPI Defendants have controlled the Plan's assets. However, according to the Plaintiffs, the Plan has experienced financial problems from its inception. Specifically, they allege that the dental expenses incurred by Plan

participants have greatly exceeded the contributions made through payroll deductions. Consequently, the Plan has been unable to pay approximately $500,000.00 in claims.

On January 9, 2004, the Plaintiffs filed suit seeking to recover dental benefits due under the Plan.[3] They allege that the DPI Defendants breached their fiduciary duties in violation of ERISA. The Plaintiffs also allege that the AAO Defendants are liable for breach of contract and negligence in connection with the design and implementation of the Plan. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Individual Plaintiffs seek an order certifying this action as a class action with respect to the following class: "all current and former members of the National Air Traffic Controllers Association who enrolled in the NATCA/Dental Plans, Inc. Direct Reimbursement Dental Plan and incurred expenses for covered dental services for themselves or their eligible dependents for which Defendants have not paid despite the filing of a timely claim." (Mot. for Class Certification, at 1.) According to the Individual Plaintiffs, between 5% and 7% of NATCA's approximately 15,000 nationwide members enrolled in the Plan. As a result, although the exact number of potential class members is not known to the Individual Plaintiffs at this time, it is estimated to be in the hundreds. The Individual Plaintiffs claim to

---

[3] The Plaintiffs originally filed suit in the District Court for the District of Columbia. On March 14, 2005, the action was transferred to this Court pursuant to 28 U.S.C. § 1404(a).

be similarly situated with the class they propose to represent in that they claim they have not been paid dental benefits covered by the Plan.[4]  In their motion for class certification, the Individual Plaintiffs contend that the proposed class satisfies the requirements of Rule 23(a), i.e., numerosity, commonality, typicality, and adequacy of representation, and Rule 23(b).  The Individual Plaintiffs also move to have Slevin &Hart, P.C. appointed as class counsel.  The Defendants oppose the motion for class certification as well as the appointment of Slevin & Hart, P.C. as class counsel.

## II.  CLASS CERTIFICATION STANDARD

To maintain a case as a class action, the party seeking class certification must satisfy each of the prerequisites of Rule 23(a) and at least one of the provisions of Rule 23(b).  <u>Klay v. Humana, Inc.</u>, 382 F.3d 1241, 1250 (11th Cir. 2004).  Rule 23(a) sets forth the four prerequisites to maintain any claim as a class action:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

---

[4] The Individual Plaintiffs have allegedly incurred dental expenses in the following approximate amounts: Murawski, $1,800.00; Berger, $1,000.00; Mathieu, $2,500.00; and Hays, $400.00.  (Compl. ¶ 47.)

Fed. R. Civ. P. 23(a). These prerequisites are commonly referred to as: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Cooper v. Southern Co., 390 F.3d 695, 711 n.6 (11th Cir. 2004). Failure to establish any one of the four factors precludes certification. In addition, under Rule 23(b), the Individual Plaintiffs must convince the Court that: (1) prosecuting separate actions by or against individual members of the class would create a risk of prejudice to the party opposing the class or to those members of the class not parties to the subject litigation; or (2) questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b). The party seeking class certification bears the burden of proving that these requirements are satisfied. General Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 161 (1982); Valley Drug Co. v. Geneva Pharmaceuticals, Inc., 350 F.3d 1181, 1187 (11th Cir. 2003).

      The decision to grant or deny class certification lies within the sound discretion of the district court. Klay, 382 F.3d at 1251; Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1386 (11th Cir. 1998) (en banc). When considering the propriety of class certification, the Court should not conduct a detailed evaluation of the merits of the suit. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78 (1974). Nevertheless, the

Court must perform a "rigorous analysis" of the particular facts and arguments asserted in support of class certification. Falcon, 457 U.S. at 161; Gilchrist v. Bolger, 733 F.2d 1551, 1555 (11th Cir. 1984). In doing so, the Court is permitted to look beyond the pleadings to determine if certification is appropriate. Falcon, 457 U.S. at 160.

### III.  DISCUSSION

The Defendants oppose the Individual Plaintiffs' motion for class certification only on the grounds of adequacy of representation. Rule 23(a)(4) requires that the class representatives fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). Adequacy of representation includes two inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action. Valley Drug Co., 350 F.3d at 1189. In addition to applying to the named plaintiffs, the Supreme Court has noted that the adequacy requirement applies equally to the competency and conflicts of class counsel. Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 626 n.20 (1997); London v. Wal-Mart Stores, Inc., 340 F.3d 1246, 1253 (11th Cir. 2003). Thus, a proposed class will fail to satisfy the Rule 23(a) adequacy requirement if there is: (1) representation by inadequate counsel; (2) conflict between the representative(s) and the class members; or (3) lack of ability or willingness to take an active role in

and control of the litigation to protect the interests of the absentee class members. Krim v. pcOrder.com, Inc., 210 F.R.D. 581, 587 (W.D. Tex. 2002) (citing Berger v. Compaq Computer Corp., 257 F.3d 475, 479-80 (5th Cir. 2001)). Here, the Defendants challenge the qualifications of class counsel on the basis of a conflict of interest.

The Individual Plaintiffs, individually and as representatives of the proposed class, are represented by Slevin & Hart, P.C., and they move to have Slevin & Hart, P.C. appointed as class counsel. Slevin & Hart, P.C. also represents NATCA. The Defendants argue that, because NATCA is potentially liable to the proposed class, a conflict of interest exists for the class counsel. In their Complaint, the Individual Plaintiffs assert a number of claims pursuant to ERISA, alleging that the DPI Defendants, as fiduciaries of the Plan, are liable for the underfunding of the Plan and for the resultant failure to pay covered dental benefits. However, the DPI Defendants may not be the sole fiduciaries of the Plan potentially liable under ERISA. ERISA provides that:

> a person is a fiduciary with respect to the plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property or such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).  The Defendants contend that NATCA exercised discretionary authority regarding the Plan and its management and could, therefore, be deemed a fiduciary.  For instance, the Agreement entered into by DPI and AAOS designates "NATCA/DENTAL PLANS, INC." as the "Employer."  (Zietz Decl., Ex. 3.)  The Agreement further provides that the "Employer," which could arguably be both NATCA and DPI, is the Plan's fiduciary under ERISA and is "solely responsible for furnishing all funds necessary to pay benefits under the Plan."  (Zietz Decl, Ex. 3.)

In order to establish adequacy of representation, class counsel must be qualified, experienced, and generally able to conduct the litigation. Griffin v. Carlin, 755 F.2d 1516, 1533 (11th Cir. 1985).  The existence of a conflict of interest affects class counsel's ability to conduct the litigation zealously and competently.  Accordingly, "[c]lass counsel must act with unwavering and complete loyalty to the class members they represent, and the responsibility of class counsel to absent class members whose control over their attorneys is limited does not permit even the appearance of divided loyalties." Krim, 210 F.R.D. at 589 (quoting Kayes v. Pacific Lumber Co., 51 F.3d 1449, 1465 (9th Cir. 1995)).  The appearance of divided loyalties includes both differing and potentially conflicting interests, not merely instances actually manifesting such conflict. Kayes, 51 F.3d at 1465.

The fact that NATCA may be liable as a fiduciary of the Plan for the alleged underfunding and failure to pay dental benefits creates at least the appearance of divided loyalties. Class counsel may not adequately or vigorously pursue the interests of the proposed class because it is simultaneously representing and protecting the interests of NATCA. It might be in the best interests of NATCA to direct responsibility for the failure to pay benefits onto the Defendants; however, the best interests of the proposed class may be better served by pursing its claims against NATCA as well as the named Defendants. "[W]hen adverse interests are at stake it is not possible to predict what conflicts might arise as the litigation proceeds." Chateau de Ville Productions, Inc. v. Tams-Witmark Music Library, Inc., 474 F. Supp. 223, 226 (S.D.N.Y. 1979). Therefore, because the Court finds that, at the very least, the potential for conflicting interests exists for the class counsel, the Individual Plaintiffs have failed to establish the adequacy of representation of their counsel, as required by Rule 23(a)(4). Accordingly, class certification should be denied. Slevin & Hart, P.C. is the only applicant for appointment as counsel of the proposed class. For the same reasons that class certification is denied, the Court denies the motion to appoint Slevin & Hart, P.C. as class counsel.

IV. CONCLUSION

For the reasons set forth above, the Motion for Class Certification and Appointment of Counsel [Doc. 15] of Plaintiffs Matthew Murawski, Mark Berger, Roger Mathieu, and Thomas Hays is DENIED.

SO ORDERED, this 10 day of March, 2006.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge