IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATIONAL AIR TRAFFIC
CONTROLLERS ASSOCIATION, et
al.,

    Plaintiffs,

      v.

DENTAL PLANS, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:05-CV-882-TWT

## OPINION AND ORDER

This is an ERISA action.  It is before the Court on the Renewed Motion for Class Certification and Appointment of Class Counsel [Doc. 86] of Plaintiffs Matthew Murawski, Mark Berger, Roger Mathieu, and Thomas Hays.  For the reasons set forth below, the Court GRANTS the motion.

## I. BACKGROUND

Plaintiff National Air Traffic Controllers Association ("NATCA") is an unincorporated labor organization that represents more than 15,000 air traffic controllers, engineers, and other safety-related professionals throughout the United States.  Plaintiffs Matthew Murawski, Mark Berger, Roger Mathieu, and Thomas Hays (collectively referred to as the "Individual Plaintiffs") are members of NATCA.

In addition, the Individual Plaintiffs are members of the NATCA/Dental Plans, Inc. Direct Reimbursement Dental Plan, an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and an employee benefit plan within the meaning of 29 U.S.C. § 1002(3).  This action arises out of the Plan's failure to pay benefits for dental services covered by the Plan and incurred by the participants and their dependents.

In late 2000 or early 2001, Defendants Dental Plans, Inc. ("DPI")[1] and the American Association of Orthodontists ("AAO")[2] approached NATCA about establishing a dental expense reimbursement plan.  Under the proposed plan, covered persons would receive treatment from the dentist of their choice and submit the itemized bills to a third-party administrator for payment.  Additionally, the plan would cover orthodontic services, expensive benefits that are often excluded from dental

---

[1]Deborah Nation Davenport and Michael L. Davenport, the chief executive officer and vice president of DPI respectively, are also named as Defendants.  Along with DPI, they will be collectively referred to as the "DPI Defendants."  As a result of a Suggestion & Notice of Filing Bankruptcy, the Court entered an Order on September 21, 2005, staying all claims against DPI until further order.  Similarly, Deborah and Michael Davenport have filed a Suggestion of Bankruptcy with the Court in which they requested protection under the automatic stay.

[2]As representatives of AAO and its members, various officers, directors, and board members of AAO or its affiliates are also named as Defendants.  These Defendants, along with AAO and AAO Services, Inc. ("AAOS"), a corporation owned and operated by AAO, will be collectively referred to as the "AAO Defendants."

insurance programs.  Participation in the plan would be limited to NATCA members who voluntarily enrolled.  No insurance company involvement would be necessary. Instead, the plan would be self-funded through voluntary payroll deductions of the participating members.  The payroll amounts deducted would be based on estimates made by the AAO Defendants regarding the costs necessary to cover dental benefits under the plan as well as administrative expenses.  As a result of the Defendants' proposal, the NATCA/Dental Plans, Inc. Direct Reimbursement Dental Plan (the "Plan") was established and endorsed by NATCA in 2001.  With the consent of NATCA, the AAO and DPI Defendants publicized the Plan to the NATCA members. Approximately 5% to 7% of NATCA members enrolled in the Plan and made bi-weekly payroll contributions at the rates calculated by the AAO Defendants.

On March 13, 2001, an Administrative Services Agreement (the "Agreement") was entered into by DPI and AAOS.  The Agreement sets forth the respective rights and obligations of the various parties regarding the administration of the Plan. Michael Davenport, vice president of DPI, executed the Agreement on behalf of the "Employer," identified as "NATCA/DENTAL PLANS, INC." (Zietz Decl., Ex. A.) The Agreement provides that the Employer is the Plan's fiduciary under ERISA and is responsible for furnishing all funds necessary to pay benefits under the Plan.  At all relevant times, the DPI Defendants have controlled the Plan's assets.  However,

according to the Individual Plaintiffs, the Plan has experienced financial problems from its inception.  Specifically, they allege that the dental expenses incurred by Plan participants have greatly exceeded the contributions made through payroll deductions.  Consequently, the Plan has been unable to pay approximately $500,000.00 in claims.

On January 9, 2004, the Individual Plaintiffs filed suit seeking to recover dental benefits due under the Plan.[3]  They allege that the DPI Defendants breached their fiduciary duties in violation of ERISA.  The Individual Plaintiffs also allege that the AAO Defendants are liable for breach of contract and negligence in connection with the design and implementation of the Plan.  On June 7, 2004, the Individual Plaintiffs sought an order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Individual Plaintiffs defined the putative class as: "all current or former members of the National Air Traffic Controllers Association who enrolled in the NATCA/Dental Plans, Inc. Direct Reimbursement Dental Plan and incurred expenses for covered dental services for themselves or their eligible dependents for which Defendants have not paid despite the filing of a timely claim." At that time, the Individual Plaintiffs moved for appointment of Slevin & Hart, P.C. as class counsel.  Because Slevin & Hart also represented NATCA, the Court found

---

[3]The Individual Plaintiffs originally filed suit in the District Court for the District of Columbia.  On March 14, 2005, the action was transferred to this Court pursuant to 28 U.S.C. § 1404(a).

that there existed "at the very least, the potential for conflicting interests . . . for the class counsel." (Order, Mar. 10, 2006.) Consequently, the Court denied class certification and appointment of Slevin & Hart as class counsel. Having retained new counsel, the Individual Plaintiffs renew their motion for class certification, incorporating their arguments regarding satisfaction of the Rule 23 requirements as set forth in their previous motion. In response to the Court's previous denial, the Individual Plaintiffs now move to have David J. Worley and the law firm of Motley Rice LLC appointed as class counsel. The Defendants have not filed any opposition to the renewed motion for class certification or appointment of class counsel.[4]

## II. CLASS CERTIFICATION STANDARD

To maintain a case as a class action, the party seeking class certification must satisfy each of the prerequisites of Rule 23(a) and at least one of the provisions of Rule 23(b). Klay v. Humana, Inc., 382 F.3d 1241, 1250 (11th Cir. 2004). Rule 23(a) sets forth the four prerequisites to maintain any claim as a class action:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the

---

[4]The Defendants opposed the previous motion only on the grounds of adequacy of representation based on Slevin & Hart's conflict of interest.

representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).   These prerequisites are commonly referred to as: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Cooper v. Southern Co., 390 F.3d 695, 711 n.6 (11th Cir. 2004).  Failure to establish any one of the four factors precludes certification.  In addition, under Rule 23(b), the Individual Plaintiffs must convince the Court that: (1) prosecuting separate actions by or against individual members of the class would create a risk of prejudice to the party opposing the class or to those members of the class not parties to the subject litigation; or (2) questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for fair and efficient adjudication of the controversy.  Fed. R. Civ. P. 23(b).  The party seeking class certification bears the burden of proving that these requirements are satisfied.  General Tel. Co. of the Sw. v. Falcon, 457 U.S. 147, 161 (1982); Valley Drug Co. v. Geneva Pharms., Inc., 350 F.3d 1181, 1187 (11th Cir. 2003).

The decision to grant or deny class certification lies within the sound discretion of the district court.  Klay, 382 F.3d at 1251; Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1386 (11th Cir. 1998) (en banc).  When considering the propriety of class certification, the Court should not conduct a detailed evaluation of the merits of the

suit. <u>Eisen v. Carlisle & Jacquelin</u>, 417 U.S. 156, 177-78 (1974).  Nevertheless, the Court must perform a "rigorous analysis" of the particular facts and arguments asserted in support of class certification. <u>Falcon</u>, 457 U.S. at 161; <u>Gilchrist v. Bolger</u>, 733 F.2d 1551, 1555 (11th Cir. 1984).  In doing so, the Court is permitted to look beyond the pleadings to determine if certification is appropriate. <u>Falcon</u>, 457 U.S. at 160.

## III. <u>DISCUSSION</u>

The Individual Plaintiffs move for certification of the following class: "all current or former members of the National Air Traffic Controllers Association who enrolled in the NATCA/Dental Plains, Inc. Direct Reimbursement Dental Plan and incurred expenses for covered dental services for themselves or their eligible dependents for which Defendants have not paid despite the filing of a timely claim." According to the Individual Plaintiffs, between 5% and 7% of NATCA's approximately 15,000 nationwide members enrolled in the Plan.  As a result, although the exact number of potential class members is not known to the Individual Plaintiffs at this time, it is estimated to be in the hundreds.  The Individual Plaintiffs claim to be similarly situated with the class they propose to represent in that they claim they

have not been paid dental benefits covered by the Plan.[5]  The Individual Plaintiffs

contend that the proposed class satisfies the requirements of Rule 23(a), i.e.,

numerosity, commonality, typicality, and adequacy of representation, and Rule 23(b).

As noted, the Defendants have not made any specific objections to the certification of

the proposed class.  However, because absent class members are bound by a decision

on the merits after class certification, the Court will nonetheless briefly address the

requirements of Rule 23(a).  See Valley Drug Co., 350 F.3d at 1188 (even if defendant

has not challenged certification "a court nevertheless has the responsibility of

conducting its own inquiry as to whether the requirements of Rule 23 have been

satisfied in a particular case.") (citing Martinez-Mendoza v. Champion Int'l Corp.,

340 F.3d 1200, 1216 n.37 (11th Cir. 2003)).

A.    Numerosity

The numerosity requirement is satisfied if the proposed class is so numerous

that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1).  "Impracticable"

does not mean impossible.  Rhodes v. Cracker Barrel Old Country Store, Inc., 213

F.R.D. 619, 674 (N.D. Ga. 2003).  Rather, the Individual Plaintiffs "need only show

that it would be extremely difficult or inconvenient to join all members of the class."

---

[5]The Individual Plaintiffs have allegedly incurred dental expenses in the
following approximate amounts: Murawski, $1,800.00; Berger, $1,000.00; Mathieu,
$2,500.00; and Hays, $400.00.  (Compl. ¶ 47.)

In re Miller Indus., Inc. Secs. Litig., 186 F.R.D. 680, 685 (N.D. Ga. 1999).  Factors including the size of the class, the geographical dispersion of the class, the ease of class member identification, the nature of the action, and the size of each class member's claim affect the practicability of joinder of the class members.  Reid v. Lockheed Martin Aeronautics Co., 205 F.R.D. 655, 666 (N.D. Ga. 2001); Begley v. Academy Life Ins. Co., 200 F.R.D. 489, 495 (N.D. Ga. 2001) (citing Zeidman v. J. Ray McDermott & Co., 651 F.2d 1030, 1038 (5th Cir. 1981)).  Here, there are hundreds of class members, potentially close to one thousand members, located throughout the United States.  Additionally, each member's individual claim is relatively small.  The Court finds that under these circumstances, joinder would be impracticable.  Thus, the numerosity requirement is satisfied.

  B.  Commonality

   To satisfy the commonality requirement, the Individual Plaintiffs must show the presence of questions of law or fact common to the entire class.  Fed. R. Civ. P. 23(a)(2).  It is not necessary that all questions of law and fact be common.  However, the issues must be susceptible to class-wide proof and the plaintiffs' claims must share "the same essential characteristics as the claims of the class at large."  Cooper, 390 F.3d at 714 (citation omitted).  The question of commonality in Rule 23(a)(2) overlaps significantly with the predominance requirement contained in Rule 23(b)(3).  In this

case, the Individual Plaintiffs' allegations include breach of contract and negligence claims. "Breach of contract claims are certifiable as appropriate for class action." In re Tri-State Crematory Litig., 215 F.R.D. 660, 692 (N.D. Ga. 2003); see, e.g., Jones v. American Gen. Life & Accident Ins. Co., 213 F.R.D. 689, 695 (S.D. Ga. 2002); Collins v. International Dairy Queen, Inc., 168 F.R.D. 668, 674 (M.D. Ga. 1996). Here, several issues involving the AAO Defendants' liability based on the design and implementation of the Plan are subject to class-wide proof, including: (1) whether the Individual Plaintiffs and the class members were intended third-party beneficiaries of a contract between NATCA and the AAO Defendants; (2) whether the AAO Defendants breached that contract; (3) whether the AAO Defendants had a duty to exercise reasonable care in projecting the cost of providing dental benefits under the Plan; and (4) whether the AAO Defendants breached that duty of care. Having demonstrated that these issues of law and fact predominate over individualized issues, the Individual Plaintiffs have satisfied the commonality requirement of Rule 23(a)(2).

    C.    <u>Typicality</u>

    The typicality requirement is satisfied if the claims and defenses of the representative plaintiffs are typical of the claims and defenses of the class. Fed. R. Civ. P. 23(a)(3). This requirement is satisfied when "a plaintiff's injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the

plaintiff." <u>Andrews v. American Tel. & Tel. Co.</u>, 95 F.3d 1014, 1022 (11th Cir. 1996).  In other words, "typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." <u>Cooper</u>, 390 F.3d at 713 (quoting <u>Prado-Steiman v. Bush</u>, 221 F.3d 1266, 1279 (11th Cir. 2000)). The same factors that satisfy the commonality requirement also may satisfy the typicality requirement. <u>Id.</u>  The standard for judging typicality is set forth in <u>Kornberg v. Carnival Cruise Lines, Inc.</u>, 741 F.2d 1332 (11th Cir. 1984), where the court held:

> A class representative's claims or defenses must be typical of the claims or defenses of the class.  In other words, there must be a nexus between the class representative's claims or defenses and the common questions of fact or law which united the class.  A sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory.  Typicality, however, does not require identical claims or defenses.  A factual variation will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of the class.

<u>Id.</u> at 1337 (citation omitted).  The claims of the Individual Plaintiffs arise from the same allegations of wrongful conduct and are based on the same legal theories as the claims of the putative class.  Additionally, the injuries suffered by the Individual Plaintiffs, including the failure to receive covered dental benefits, are of the same type as those suffered by the class members.  Accordingly, the typicality requirement is satisfied.

      D.    <u>Adequacy of Representation</u>

Rule 23(a)(4) requires that the class representatives fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). The adequacy inquiry serves to uncover conflicts of interest between named parties and the class they seek to represent. Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625 (1997). Therefore, a determination of the adequacy of representation includes two inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action. Valley Drug Co., 350 F.3d at 1189. If there exists a conflict of interest that pertains to the specific issues being litigated, class certification is inappropriate. Id.; Warren v. City of Tampa, 693 F. Supp. 1051, 1061 (M.D. Fla. 1988), aff'd, 893 F.2d 347 (11th Cir. 1989). There is no evidence of any conflicts of interest between the Individual Plaintiffs and the class as they seek to recover for the same alleged unlawful conduct. Nor is there any indication that the Individual Plaintiffs will not vigorously and adequately pursue the asserted claims on behalf of the class members.

As is apparent from the Court's previous denial of class certification, the adequacy of representation requirement also applies to class counsel. Amchem Prods., Inc., 521 U.S. at 626 n.20; London v. Wal-Mart Stores, Inc., 340 F.3d 1246, 1253 (11th Cir. 2003). Unlike with the previous proposed class counsel, the Court cannot discern any potential conflicts associated with Mr. Worley and the law firm of Motley

Rice.  In addition to establishing the absence of any conflict of interest associated with class counsel, the Individual Plaintiffs must show that the proposed class counsel are qualified, experienced, and generally able to conduct the litigation.  <u>Griffin v. Carlin</u>, 755 F.2d 1516, 1532 (11th Cir. 1985).  Proposed class counsel have represented that they have developed extensive experience in complex and class action litigation, including experience litigating ERISA claims.  (Worley Decl. ¶¶ 6-7.)  The Defendants raise no question as to the qualifications, experience, and ability of the proposed class counsel.  Because the Court finds that the interests of the class are adequately represented by the Individual Plaintiffs and the proposed class counsel, the requirements of Rule 23(a)(4) are satisfied.

      E.    <u>Rule 23(b)(3)</u>

Having found that the Individual Plaintiffs established the four prerequisites of Rule 23(a), the Court now turns to whether the Individual Plaintiffs can satisfy Rule 23(b).  Pursuant to Rule 23(b)(3), the Court considers: (1) whether issues of law or fact common to members of the class predominate over questions affecting only individual members; and (2) whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Fed. R. Civ. P. 23(b)(3).  On the question of predominance, it is not necessary that all questions of law or fact be common.  Nevertheless, "the issues in the class action that are subject

to generalized proof and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof." <u>Cooper</u>, 390 F.3d at 722 (citation omitted). The Individual Plaintiffs allege that the AAO Defendants breached their duty to exercise reasonable care in determining the cost of providing dental benefits under the Plan. They further allege that the AAO Defendants are liable for breach of the contract between the AAO Defendants and NATCA, to which the Individual Defendants and the putative class members are allegedly third-party beneficiaries. As previously discussed, these issues of law and fact are common to the Individual Plaintiffs and the class and predominate over the issue of individual damages.

Certification under Rule 23(b)(3) also requires a finding that proceeding as a class action is superior to other available methods of adjudication. "Class actions are particularly appropriate, where . . . multiple lawsuits would not be justified because of the small amount of money sought by the individual plaintiffs." <u>Leszczynski v. Allianz Ins.</u>, 176 F.R.D. 659, 676 (S.D. Fla. 1997); <u>see</u> <u>Amchem Prods., Inc.</u>, 521 U.S. at 617 ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's

(usually an attorney's) labor.") (quoting <u>Mace v. Van Ru Credit Corp.</u>, 109 F.3d 338, 344 (1997)); <u>Morris v. Transouth Fin. Corp.</u>, 175 F.R.D. 694, 701 (M.D. Ala. 1997) ("One of the most important objectives of the class action procedure is the aggregation of a small number of claims to allow for relief in situations where it might not otherwise be obtainable.").  In this case, the amounts in controversy for the individual class members are relatively small.  Weighing the benefits of a class determination against the individual class member's interest in separate adjudication, the Court finds that a class action will be more efficient and a superior method for managing and resolving this case.   Accordingly, the Individual Plaintiffs have satisfied the requirements of Rule 23(b)(3).

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the Plaintiffs' Renewed Motion for Class Certification and Appointment of Class Counsel [Doc. 86] is GRANTED.  The Court certifies a class consisting of all current or former members of the National Air Traffic Controllers Association who enrolled in the NATCA/Dental Plans, Inc. Direct Reimbursement Dental Plan and incurred expenses for covered dental services for themselves or their eligible dependents for which Defendants have not paid despite the filing of a timely claim.  Additionally, the Court appoints David J. Worley and Motley Rice LLC as class counsel.

SO ORDERED, this 12 day of June, 2006.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge